THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES LA PLACA, Defendant.

County Court, Monroe County, August 1, 1962.

*Charles La Placa*, defendant in person. *John J. Conway, Jr., District Attorney* (*John C. Little, Jr.*, of counsel), for plaintiff.

JOHN P. LOMENZO, J. Defendant makes application in the nature of a writ of error *coram nobis* for a hearing and to set aside and vacate a judgment of conviction of murder in the second degree entered against him on May 21, 1943. The defendant was indicted March 16, 1943 by the Monroe County Grand Jury for the crime of murder in the first degree, and upon the trial convicted of murder in the second degree and sentenced thereon to a term of 65 years to life to the State prison at Attica, New York, and is presently serving the aforesaid sentence.

The victim of the murder of which defendant was convicted was one Fred Leon.

The moving papers of defendant herein allege that at the murder trial it was the People's contention that defendant killed Leon to eliminate him as a witness in an alleged assault charge against defendant in which defendant was accused of having assaulted one Cosmo Giordano. That to support this the People introduced testimony of Giordano at the murder trial. That Giordano testified at the trial that he and Leon were employed at Zona's Restaurant. That about 10:00 P.M., on August 12, 1942 defendant came into the restaurant accompanied by four other men and Giordano served them coffee. That defendant asked for more coffee and when Giordano turned around to get it defendant assaulted Giordano. That Giordano testified further, that at the time of the alleged assault Leon hollered, " What is the matter with you? " That Leon at that time was in front of the kitchen near the door going into the restaurant. That Leon was there when he (Giordano) was assaulted by defendant. That Leon said to defendant " What is the matter with you, what do you want to do, kill the guy? " Defendant contends that this testimony was important because it established the alleged motive for defendant to kill Leon, the witness to the assault, and that the trial court charged the jury at page 744 of the record, that in order for it to find that the defendant's motive was the doing away of Leon, the witness against him in the assault charge, it must find first that the defendant La Placa knew that Leon was a witness against him or was a witness to the alleged assault.

That the only testimony adduced at the trial as to such knowledge on the part of defendant was the testimony of Giordano as to the presence of Leon and his (Leon's) statement to La Placa. That the jury, therefore, was allowed to determine that there was a motive for the killing of Leon by defendant.

The defendant contends that the District Attorney deliberately suppressed evidence from the court and the jury, " clearly

impeaching the credibility of the witness Giordano on this crucial testimony.''

The alleged supressed testimony consists of a statement made to the police by Leon shortly after the alleged assault on Giordano by defendant in which Leon stated that he (Leon) was standing in the back of the restaurant near the kitchen door and that when defendant hit Giordano he (Leon) heard Giordano say to defendant, '' What are you hitting me for— I done nothing to you.'' The defendant La Placa contends that this statement made by Leon to the police as to what Giordano said to defendant after he (Giordano) was struck is '' a declaration of Leon himself that he uttered not one word of admonition to [defendant] during the alleged assault on Giordano.'' That in fact, therefore, Leon did not say to defendant at the time of the alleged assault, '' What is the matter with you, what do you want to do, kill the guy? '' That Giordano, therefore, lied at the murder trial of defendant and that the prosecutor, by reason of the same, knew this and suppressed it.

The court has examined a photostatic copy of the subject statement, taken by the police on August 12, 1942, of Cosmo Giordano and Fred Leon, which copy of the aforesaid statement was submitted to the court as part of the record on this application.

The aforesaid statement made by Leon to the police contains answers of Leon to questions put to him by the police wherein Leon stated that he was an employee at the subject restaurant and working there on the night of the alleged assault of Giordano by the defendant. That he (Leon) was in the restaurant at the time of the assault, that he saw the alleged assault and heard what Giordano said to the defendant when he was struck by a coffee cup and stabbed in the side by defendant. The statement taken by the police shows that no one asked Leon what, if anything, he, Leon, said to defendant at the time of the alleged assault. Defendant solely on that premise would have the court conclude that since Leon was not asked what he said, if anything, at the time of the alleged assault, to defendant, that he (Leon), therefore, did not say anything to the defendant at that time, or that if Leon had been asked the question by the police that he (Leon) would have answered that he said nothing at the time to defendant.

It is upon this conjecture and this baseless inference that defendant concludes that Giordano's testimony at the murder trial of defendant as to what Leon said at the time of the alleged assault was perjured testimony and defendant cites

the same basis as support for the conclusion that the District Attorney knew of contradictory proof and suppressed it at the murder trial.

The moving papers submitted to the court on this application by the defendant and the People clearly define the issue before it. A hearing would add nothing to what has already been sworn to and established in documentary form. A hearing on an application for a writ of error *coram nobis* should not be granted when such a hearing would serve no useful purpose.

The application of the defendant herein is without merit, since there is no basis within the realm of reason to support his contentions. The application, therefore, in all respects is denied.